BOARD OF EDUCATION OF MONTCLAIR, NEW JERSEY, PROSECUTOR, v. BOARD OF EDUCATION EMPLOYES' PENSION FUND OF ESSEX COUNTY, A CORPORATION, DEFENDANT.

Submitted January 16, 1940—Decided July 16, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *George S. Harris.*

For the defendant, *Richard H. Cashion* (*Charles M. Myers,* of counsel).

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings up for review the validity of an order made by the Commissioner of Education which directs the prosecutor, the Board of Education

of the town of Montclair, to comply with the provisions of *N. J. S. A.* 18:5-68 to 18:5-82.

The statute provides that employes of Boards of Education in school districts in counties of the first class, not otherwise entitled to pensions under any other statute, might associate themselves as a corporation for the purpose of providing and obtaining a fund for their retirement upon pension. The fund to be created and maintained by deductions of three per cent. of the amount of the salaries of members and by contributions by the employing boards of education of four per cent. annually of the amount of salaries of its employes who are members. The statute was originally enacted as chapter 112, *Pamph. L.* 1929, and was amended by chapter 118, *Pamph. L.* 1935. Under the original act membership in the pension fund was not compulsory but from and after March 25th, 1935, under the provisions of the amendment of 1935, *supra,* all persons coming into the employ of any board of education in any school district of the counties of the first class became members of the fund upon employment and were required to contribute to the fund.

The defendant, Board of Education Employes' Pension Fund of Essex County, organized under the provisions of the statute and became a body corporate upon filing its certificate of incorporation on July 6th, 1929, and has since continued as such.

The prosecutor having failed to comply with the provisions of the statute in the matter of making contribution to the fund the proceedings under review were instituted by defendant by petition to the Commissioner of Education which resulted, after hearings, in the order under review of the said commissioner dated August 25th, 1939. It directs the prosecutor to comply with the provisions of the statute and to furnish the defendant the names and salaries of all permanent employes coming into its employ subsequent to March 25th, 1935, to pay to defendant three per centum of the total amount of the salaries paid to such employes and to contribute an amount equal to four per cent. of such total salaries from March 25th, 1935, to said defendant.

The questions raised by this appeal attack the constitution-

ality of the statute and the validity of the incorporation of the defendant.

The challenge to the legality of the statute is based upon the contentions that it is special legislation; that it is a delegation of legislative power; that it is a delegation of the taxing power and that it sets up machinery whereby one taxing district shall be taxed for the benefit of another.

We conclude that these contentions are without merit.

The inhibition of the constitution, article IV, section 7, paragraph 11, is that the legislature shall not pass private, local or special laws regulating the internal affairs of towns and counties. To establish a system of pensioning, as this statute does, for all of a certain class of public employes in all counties of the first class does not regulate the internal affairs of counties and is not unreasonable nor illusory. As examples of many of our decisions on this subject but a few need be cited. *Cf. Van Riper* v. *Parsons,* 40 *N. J. L.* 1; *Pell* v. *Newark,* 40 *Id.* 71; *affirmed,* 40 *Id.* 550; *Mortland* v. *Christian,* 52 *Id.* 521; *McCarthy* v. *Queen,* 76 *Id.* 144; *McCarter* v. *McKelvey,* 78 *Id.* 3; *affirmed,* 78 *Id.* 621; *Raymond* v. *Teaneck,* 118 *Id.* 109; *Helrick* v. *Robert,* 117 *Id.* 584; *affirmed,* 118 *Id.* 583. The test is whether the statute deals with matters of municipal government, or affects the municipalities in their governmental capacity. *State* v. *Prince,* 71 *Id.* 249. Applying this test we conclude that the statute in question is not such special legislation as comes within the inhibition of the constitution.

Taking up the next point argued, that the act is invalid because it "constitutes an unconstitutional delegation of legislative power," we conclude that this contention is without merit. The duties of the board of trustees of defendant are defined and circumscribed by the statute. They are merely administrative and ministerial instrumentalities for the purpose of carrying into effect the legislative will. *Hayes* v. *Hoboken,* 93 *N. J. L.* 432.

Next is the contention that the statute is invalid because it constitutes an unlawful delegation of the taxing power. We perceive no taxing power vested in the defendant. The legislature did not delegate power to tax nor intend to do so

but on the contrary enacted the method of raising the money and the source of it. *Allen* v. *Board of Education of Passaic,* 81 *N. J. L.* 135; *affirmed,* 84 *Id.* 402.

The next contention of prosecutor is that the statute is invalid because it attempts to set up machinery whereby one taxing district shall be taxed for the benefit of another. We conclude that such is neither the purpose nor the affect of the operation of the statute. In the larger municipalities there are of course more school board employes and consequently more are eligible for retirement in those places. But the amounts required to be contributed into the fund by the smaller municipalities are not in fact a tax for the benefit of other taxing districts because their shares are based on their number of employes and are required to pay only a proportion of the total amount so required to be appropriated "based upon the number of its employes who are members." *N. J. S. A.* 18:5-76, *supra.*

Finally it is argued that the organization meeting of the defendant and its incorporation failed to comply with the statute and is therefore invalid. The record does not support the prosecutor's contention.

The writ is accordingly dismissed, with costs.